OPINION
{¶ 1} The state appeals from a judgment of the Juvenile Division of the Montgomery County Court of Common Pleas, which placed Edward Muldrew and Ashley Still in a planned permanent living arrangement ("PPLA").
 {¶ 2} On October 19, 2000, the Montgomery County Children Services Board ("MCCSB") filed abuse and dependency complaints for Edward Muldrew (born May 30, 1989) and Ashley Still (born November 8, 1991), alleging that Edward had been physically abused. The children were removed from the legal custody of their grandmother, Ola Mays ("Mays"), who had raised the children since the death of their mother in 1996.[1] MCCSB was awarded temporary custody of Edward and Ashley on January 18, 2001. A case plan was developed, and it was substantially completed by Mays. However, Mays indicated that she did not want custody of the children, although she desired to maintain a relationship with them. The children also indicated that they wanted to maintain a relationship with their grandmother.
 {¶ 3} MCCSB filed a motion for permanent custody on August 20, 2001, contending that the children could not be placed with a parent or relative within a reasonable period of time and that adoption was in their best interests. A hearing was held on February 22, 2002. On April 18, 2002, the magistrate placed the children in a PPLA. The state filed objections and supplemental objections, and Mays responded. On July 1, 2002, the juvenile court overruled the state's objections and adopted the decision of the magistrate placing the children in a PPLA. The court reserved jurisdiction to award permanent custody to MCCSB if an open adoption allowing the children to maintain contact with Mays could be arranged.
 {¶ 4} The state appeals, raising two assignments of error.
 {¶ 5} "I. The juvenile court does not have authority to place children in a planned permanent living arrangement unless all of the statutory prerequisites contained in R.C. 2151.353(A)(5) are satisfied."
 {¶ 6} Under this assignment of error, the state argues that the juvenile court erred in placing the children in a PPLA when the statutory requirements were not present in this case and requests that we remand this case to the juvenile court for a new hearing on its motion for permanent custody.
 {¶ 7} We review the juvenile court's decision for abuse of discretion. See In re Pieper Children (1993), 85 Ohio App.3d 318, 330,619 N.E.2d 1059. Abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. See Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} Pursuant to R.C. 2151.353, when a child is adjudicated abused, neglected, or dependent, the juvenile court may:
 {¶ 9} "Place the child in a planned permanent living arrangement with a public children services agency or private child placing agency, if a public children services agency or private child placing agency requests the court to place the child in a planned permanent living arrangement and if the court finds, by clear and convincing evidence, that a planned permanent living arrangement is in the best interest of the child and that one of the following exists:
 {¶ 10} "* * *.
 {¶ 11} "(b) The parents of the child have significant physical, mental, or psychological problems and are unable to care for the child because of those problems, adoption is not in the best interest of the child, as determined in accordance with division (D) of section 2151.414
of the Revised Code, and the child retains a significant and positive relationship with a parent or relative." R.C. 2151.353(5).
 {¶ 12} The state argues that the juvenile court erred in placing the children in a PPLA because (1) MCCSB did not request that the court place the children in a PPLA, (2) there was no evidence that PPLA placement was in the children's best interests, (3) there was no evidence that Mays was unable to care for the children due to significant physical, mental, or psychological problems, and (4) there was no evidence that adoption was not in the children's best interests. The state appears to concede that the children retain a significant and positive relationship with Mays. We agree with the state that there was no evidence that Mays was unable to care for the children due to significant physical, mental, or psychological problems.
 {¶ 13} Initially, although the statute appears to require that MCCSB request PPLA placement before the juvenile court can order it, we have held that a juvenile court has discretion to consider a PPLA even if MCCSB only requests permanent placement. See In re Clever (Oct. 18, 2002), Montgomery App. Nos. 19298 and 19299, 2002-Ohio-5588, citing Inthe Matter of Buchanan (July 25, 1997), Clark App. No. 96-CA-0063 and Inthe Matter of Beal (Oct. 5, 1992), Clark App. No. 2903. Therefore, the court had discretion to order a PPLA if the requirements were met, regardless of the fact that MCCSB did not request it.
 {¶ 14} Turning to the state's argument that there was no evidence that Mays was unable to care for the children due to significant physical, mental, or psychological problems, there was some testimony that Mays' age made it difficult for her to care for the children.[2]
However, we do not believe that this testimony established that significant physical problems rendered her unable to care for the children, and, in fact, neither the juvenile court nor the magistrate based its decision on this testimony. The magistrate stated no basis for concluding that R.C. 2151.353(5) applied in this case. The juvenile court erroneously concluded that the death of the children's mother and the lack of involvement of their fathers supported a finding that the children's "parents" were unable to care for them due to significant physical, mental, or psychological problems. It made no such finding with regard to Mays. Although the statute uses the term "parents," we believe that the juvenile court should have applied the requirements of the statute to the children's legal guardian, Mays. With respect to Mays, the record reveals that she is able to care for the children, but does not wish to do so. Furthermore, we note that Mays makes no attempt in her brief to argue that significant physical, mental, or psychological problems rendered her unable to care for the children. Thus, there was not sufficient evidence to justify placing the children in a PPLA pursuant to R.C. 2151.353(5).
 {¶ 15} The first assignment of error is sustained.
 {¶ 16} "II. The juvenile court does not have the authority to require MCCS to prove an `acceptable adoption' prior to awarding MCCS permanent custody of a child."
 {¶ 17} Under this assignment of error, the state argues that the juvenile court is not permitted to condition a grant of permanent custody on MCCSB's guaranteeing an open adoption. The state is correct in asserting that this is not a proper requirement for the juvenile court to impose prior to considering a grant of permanent custody. Pursuant to R.C. 2151.353(4), the court may:
 {¶ 18} "Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414
of the Revised Code that the permanent commitment is in the best interest of the child."
 {¶ 19} The juvenile court concluded that permanent custody was not in the best interest of the children. However, as it reserved jurisdiction to reconsider in the event that an open adoption could be arranged, the court appeared to conclude that permanent custody would be in the best interest of the children given the right situation. It appears that the court concluded that permanent custody was not in the children's best interest because it concluded that placing the children in a PPLA would better serve their best interest. With that removed as an option, it is unclear whether the court would conclude that permanent custody is in the best interest of the children.
 {¶ 20} With regard to adoption, the state is required to "include in the case plan * * * a specific plan of the agency's actions to seek an adoptive family for the child and to prepare the child for adoption." R.C. 2151.413(E). The agency is not required to set forth an exact plan for adoption until permanent custody is granted. See In re Gordon, Trumbull App. No. 2002-T-0073, 2002-Ohio-4959, ¶ 44. Therefore, to the extent that the juvenile court required the state to arrange an open adoption prior to awarding permanent custody, the court abused its discretion.
 {¶ 21} The second assignment of error is sustained.
 {¶ 22} The judgment of the juvenile court will be reversed, and this matter will be remanded for the juvenile court to conduct a new hearing on the state's motion for permanent custody, if necessary, and to consider the state's motion for permanent custody in accordance with R.C. 2151.353.
BROGAN, J. and GRADY, J., concur.
[1] The fathers of the children have apparently not been a part of their lives.
[2] Mays is currently 49 years old. The psychologist who evaluated her testified that she had some minor depression and suffered from headaches that were exacerbated by the children.